B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>R. Keith Johnson, Trustee for the bankruptcy estate of CAAMS, LLC | **DEFENDANTS**<br>Al Chong Wang |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>R. Keith Johnson<br>1275 S. Hwy. 16, Stanley, NC 28164<br>(704)827-4200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 83,333.30 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CAAMS, LLC | BANKRUPTCY CASE NO.<br>15-31778 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitley | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*R. Keith Johnson* | | | |
| DATE<br>November 7, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>R. Keith Johnson | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| CAAMS, LLC ) | CASE NO. 15-31778 |
| Debtor. ) | CHAPTER 7 |
| ) | |
| ) | |
| R. KEITH JOHNSON, Trustee for the bankruptcy ) | |
| estate of CAAMS, LLC ) | ADV. PROC. NO. _____ |
| Plaintiff, ) | |
| v. ) | **COMPLAINT TO AVOID TRANSFER** |
| ) | |
| AL CHONG WANG, ) | |
| Defendant. ) | |
| ) | |

**THE PLAINTIFF**, complaining of the Defendant, alleges and says as follows:

1. On 11 November 2015 CAAMS, LLC (hereinafter "CAAMS" or "the Debtor") filed a voluntary Chapter 7 bankruptcy case in this Court.

2. R. Keith Johnson was duly appointed as Trustee for the bankruptcy estate of the Debtor.

3. This is a core proceeding to set aside a transfer of property of the Debtor, and the Bankruptcy Court is authorized to enter final and dispositive orders.

4. The Defendant, Al Chong Wang (hereinafter "Wang") is, upon information and belief, a citizen and resident of Union County, North Carolina with an address of 907 Tee Top Lane, Waxhaw, NC 28173.

5. The Defendant Wang is an insider of the Debtor as she is a fifty-one percent (51%) owner of the Debtor.

6. In the year 2014 the Debtor transferred to the Defendant the sum of $83,333.30 as compensation to the Defendant, an insider of the Debtor, said transfer being made on or within two (2) years before the date of the filing of the petition by the Debtor.

7. Upon information and belief, the transfer described to the Defendant was made with the actual intent to hinder, delay, or defraud the creditors of the Debtor.

8. The Debtor received no consideration for the transfer to the Defendant, and the Debtor was insolvent on the date that the transfer was made, or became insolvent as a result of such transfer, or the Debtor was engaged in business for which its remaining property was an unreasonably small capital, the Debtor believed that it would incur debts that would be beyond the Debtor's ability to pay such debts as they matured, or the Debtor made such transfer for the benefit of the Defendant (an insider) not in the ordinary course of business.

9.      Pursuant to the provisions of Section 548 of Title 11 of the United States Code, the Trustee is entitled to avoidance of the transfer to the Defendant.

10.      Pursuant to Section 550 of Title 11 of the United States Code, the transfer to the Defendant that is avoided pursuant to Section 548 shall be recovered for the benefit of the estate, and the Court should order that the value of the property be returned to the estate or in the alternative, that judgment be entered against the Defendant for the amount in controversy, plus interest at the applicable federal rate from and after the date of the filing of this Complaint.

**WHEREFORE,** the Plaintiff prays that the Court enter its order setting aside the transfer of the sum of $83,333.30 to the Defendant, and preserving that transfer for the benefit of the bankruptcy estate by way of order for return of the funds transferred, or judgment against the Defendant, plus interest.

**FURTHER,** the Trustee prays that the Court assess the costs of this action against the Defendant.

This the 7th day of Novvember, 2017.

/s/ R. Keith Johnson
R. Keith Johnson, Trustee
and attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200